BC

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

RECEIVED
3/3/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JKS

|

| In re Kimberly J. Brown, | Northern District of Illinois |
| Enjoined Party | Executive Committee |
| | 26-cv-01674 |

**ENJOINED PARTY'S RENEWED MOTION TO VACATE EXECUTIVE COMMITTEE ORDER IMPOSING FILING RESTRICTIONS AND DISABLING CM/ECF ACCESS**

Enjoined Party Kimberly Jean Brown, appearing pro se, respectfully moves the Executive Committee to vacate the February 17, 2026 Executive Committee Order (ECF 1) and to reconsider its February 20, 2026 denial (ECF 5). This renewed motion is directed to the procedural and tailoring defects of the filing-restriction order and the CM/ECF credential disablement.

**I. Relief Requested**

Enjoined Party respectfully requests that the Executive Committee:

**1.** Vacate ECF 1 in its entirety, including all prefiling/leave-to-file requirements and the directive disabling her CM/ECF password; and

**2.** Direct the Clerk to restore Enjoined Party's CM/ECF filing privileges.

1

In the alternative, if the Executive Committee believes some restriction may be warranted, Enjoined Party requests that the Committee (a) provide fair notice of the specific restrictions under consideration (including whether CM/ECF disablement is sought), and (b) set a reasonable schedule for written objections before any restrictions are imposed or continued.

## II. Background

After briefing on the motions to dismiss had concluded in 24cv13132, a defendant filed a post-briefing motion introducing new evidence and seeking, among other things, that Brown be referred to the Executive Committee (Jan. 16, 2026, 24cv13132, ECF 96).

Two business days later, the district court in 24cv13132 entered final judgment dismissing the action with prejudice and, in the same order, referred Brown to the Northern District of Illinois Executive Committee to consider imposing filing restrictions. (Jan. 20, 2026, 24cv13132, ECF 98).

Brown was not afforded an opportunity to respond to the defendant's post-briefing motion before the district court entered the dismissal order and made the referral. Similarly, the Executive Committee did not afford Brown an opportunity to respond before taking immediate action on the referral.

Without notice, and on the same day as Brown's deadline to file a Rule 59(e) motion in 24cv13132 (Feb. 17, 2026), the Executive Committee opened and closed

2

26cv1674. The only action taken in the case was the imposition of filing restrictions on Brown. The Executive Committee issued an order immediately revoking Brown's access to the electronic CM/ECF system and required Brown to submit all filings in person. Ex. A. (Feb 17, 2026, 26cv1674, ECF 1). The order was entered less than one hour before the Clerk's Office closed, making it impossible for Brown to file her 59(e) motion in compliance with the 1674 order.

### III. Legal Standards Governing Prefiling Restrictions

Federal courts possess authority to protect the judicial process from abusive litigation practices, including by entering prefiling restrictions under the All Writs Act. 28 U.S.C. § 1651(a).

That authority, however, is constrained by due process and access-to-courts principles. Courts consistently describe prefiling restrictions as an extreme remedy that must be imposed sparingly, only after appropriate process, and with narrow tailoring to the specific abuse perceived. See Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812 (4th Cir. 2004); De Long v. Hennessey, 912 F.2d 1144 (9th Cir. 1990); Tripati v. Beaman, 878 F.2d 351 (10th Cir. 1989); In re Oliver, 682 F.2d 443 (3d Cir. 1982).

3

These decisions reflect widely applied procedural prerequisites, including:

• Fair notice of the specific restriction contemplated and an opportunity to oppose before the restriction is instituted; written objections can suffice. Tripati v. Beaman, 878 F.2d 351 (10th Cir. 1989); In re Oliver, 682 F.2d 443 (3d Cir. 1982).

• An adequate record, substantive findings of frivolousness/harassment, and narrow tailoring to the specific circumstances. De Long v. Hennessey, 912 F.2d 1144 (9th Cir. 1990); Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812 (4th Cir. 2004).

• Restrictions must preserve some meaningful avenue of court access; courts may impose serious restrictions, but they may not completely foreclose access. Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986) (en banc).

• Even strong restrictions typically have clear conditions/paths and carve-outs. Support System Intl v. Mack, 45 F.3d 185 (7th Cir 1995)

## IV. The Referral in 24-cv-13132 Did Not Provide Fair Notice of the Specific Restrictions Imposed or a Meaningful Opportunity to Oppose Them

The Committee's February 20, 2026 Minute Entry (ECF 5) reasons that Enjoined Party was "aware of the referral" in 24-cv-13132 (ECF 98) "to consider whether filing restrictions or other limitations should be imposed," and treats that awareness as sufficient notice.

4

Respectfully, notice of a referral for "consideration" is not fair notice that the Executive Committee would impose a specific prefiling leave-to-file regime and disable CM/ECF credentials, nor is it an opportunity to be heard.

- The referral language in 24-cv-13132 ECF 98 is open-ended: it refers the matter: *to consider whether filing restrictions or other limitations should be imposed.* It does not identify the specific restrictions contemplated, disclose their proposed scope, or establish any schedule for written objections.

- Courts have held that prefiling restrictions should not be instituted without fair notice and an opportunity to oppose. Tripati v. Beaman, 878 F.2d 351 (10th Cir. 1989); In re Oliver, 682 F.2d 443 (3d Cir. 1982).

- Notice must be notice of the distinct measure being pursued. Cromer is particularly instructive: it vacated a prefiling injunction where the litigant lacked adequate notice and opportunity to be heard, and it emphasized that notice of one potential consequence does not necessarily constitute adequate notice of a different sanction. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812 (4th Cir. 2004).

Here, Enjoined Party received no advance notice that the Committee would (a) impose a prefiling leave-to-file regime or (b) disable her CM/ECF credentials, and (3) she received no meaningful opportunity to oppose those specific restrictions before they were instituted.

**V. The Order Does Not Satisfy the Prerequisites for Prefiling Restrictions (Record, Findings, Tailoring)**

Under De Long, a vexatious-litigant/prefiling order is improper absent: (1) notice and opportunity to be heard; (2) an adequate record for review; (3) substantive findings as to frivolousness/harassment; and (4) narrow tailoring to the specific abuse. De Long v. Hennessey, 912 F.2d 1144 (9th Cir. 1990).

ECF 1 was entered summarily on the day the miscellaneous docket was opened. Enjoined Party respectfully submits that, as reflected on this miscellaneous docket, the order does not set forth:

• an adequate record identifying the specific filings deemed frivolous or harassing and why lesser measures would be ineffective;

• substantive findings tying a specified pattern of abuse to the particular restrictions imposed; and

• narrow tailoring of the chosen measures.

Moreover, ECF 1 cites inaccurate information. These shortcomings independently warrant vacatur under the widely applied standards articulated in De Long and Cromer. De Long v. Hennessey, 912 F.2d 1144 (9th Cir. 1990); Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812 (4th Cir. 2004).

6

**VI. The Order Is Overbroad and Imposes Operational Burdens That Confirm the Need for Tailoring and Process**

Courts recognize the authority to curb abusive litigation, but restrictions must be carefully tailored and must preserve meaningful access to the courts. Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986) (en banc).

The present order imposes a blanket leave-to-file regime for new civil actions and disables CM/ECF access. Even if some restriction could be justified, the absence of the prerequisites described above (notice, record, findings, tailoring) requires vacatur or, at minimum, a re-issued order after process.

In addition, the CM/ECF disablement has created concrete operational burdens and increased risk of prejudice, including:

• Lack of immediate CM/ECF Notice of Electronic Filing confirmation, requiring duplicative protective steps to ensure deadlines and appellate rights are preserved;

• Reduced ability to promptly file corrective submissions when an error is discovered;

• Delays in transmitting appellate-related filings through indirect channels. (Docketing Statement for appeal 26cv1343 was submitted to the Executive Committee for review on February 26, 2026 yet the Executive Committee has not yet docketed it on 26cv1343.)

7

These burdens underscore why, at minimum, a prefiling restriction must be preceded by notice and an opportunity to oppose, and must be narrowly tailored to the specific abuse perceived. Tripati v. Beaman, 878 F.2d 351 (10th Cir. 1989); Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812 (4th Cir. 2004).

## VII. Less Restrictive Alternatives Confirm Overbreadth

Even where some form of screening may be warranted, courts emphasize narrow tailoring. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812 (4th Cir. 2004); De Long v. Hennessey, 912 F.2d 1144 (9th Cir. 1990).

Examples of less restrictive alternatives that would address perceived concerns without the breadth of ECF 1 include: limiting any leave-to-file procedure to a defined subset of new complaints (e.g., duplicative matters); imposing a time-limited restriction subject to review; requiring a certification tailored to the perceived abuse; and/or limiting restrictions to filings against specific parties or arising from specified underlying facts.

The existence of such alternatives further supports vacatur of ECF 1 as currently entered.

## VIII. The Court's Authority Under the All Writs Act Does Not Displace Due Process Requirements

8

The Executive Committee may issue orders necessary to manage abusive litigation and protect the judicial process under the All Writs Act. 28 U.S.C. § 1651(a). But that authority remains constrained by due process and access-to-courts principles requiring fair notice, an opportunity to oppose, and narrow tailoring. In re Oliver, 682 F.2d 443 (3d Cir. 1982); Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986) (en banc).

**WHEREFORE,** Enjoined Party respectfully requests that the Executive Committee vacate the February 17, 2026 Order (ECF 1) in full, restore her CM/ECF credentials, and grant such other relief as is just.

Dated: March 3, 2026

Respectfully submitted,

/s/ Kimberly Jean Brown
 Kimberly Jean Brown, J.D.
 1026 E 46th St, Unit 2E
 Chicago, IL 60653
 773-673-0324
 Kim@PrivacyGladiators.com

9